NOT DESIGNATED FOR PUBLICATION

No. 114,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC A. LAWSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed March 10, 2017. Affirmed.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  Dominic A. Lawson appeals his misdemeanor jail sentence claiming the district court abused its discretion in refusing to grant him probation. We disagree and affirm.

Lawson pled guilty to misdemeanor charges of assault on a law enforcement officer and criminal damage to property in case number 15CR1453. In exchange for his guilty plea, the State agreed to recommend that the sentences run concurrent to Lawson's sentence in his felony case, case number 14CR1317, which is not the subject of this

appeal. In that case, Lawson was convicted of two counts of attempted battery of a law enforcement officer.

Prior to a joint sentencing hearing for both cases, Lawson filed a motion for dispositional and durational departure in his felony case, claiming among other things that he suffered from recently diagnosed bipolar disorder and that there were less restrictive means of meeting the goals of the criminal justice system than imposing a lengthy prison sentence. The district judge explained to Lawson that when considering the sentence to impose:

"I look at the plea agreement. I look at your history. I look at the lowest term and the highest term that I can sentence you to. I look at what your needs are. I do take that into consideration. I look at public safety needs, and that's very, very important to me. I look at the seriousness of your crimes, not only the most recent ones but the seriousness of the crimes, the history that you present that gets you to the criminal history score. I look at the seriousness of these crimes in imposing the sentence."

Given Lawson's criminal history score of A and the severity level of his felony offenses, the sentencing guidelines presumed imprisonment over probation. The district court ultimately rejected Lawson's request for a downward departure and imposed the presumptive prison sentence of 34 months. Consistent with the plea agreement, in the misdemeanor case the district court sentenced Lawson to 12 months in jail on count 1 and 6 months in jail on count 2, ordered that each sentence run concurrent to the other, and ordered that the sentences in his misdemeanor case be served concurrently to the prison sentence in his felony case.

On appeal, Lawson argues the district court abused its discretion when it imposed a jail sentence rather than probation. "[I]t is elementary that a misdemeanor sentence will not be disturbed on appeal if it is within the district court's discretion." *State v. Faust*, No. 94,316, 2006 WL 320493, at *1 (Kan. App. 2006) (unpublished opinion). "Judicial

2

discretion can be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact." *State v. Marshall*, 303 Kan. 438, Syl. ¶ 2, 362 P.3d 587 (2015). The party asserting that the district court abused its discretion bears the burden of showing such abuse. *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Given Lawson's criminal history score, the nature of his offenses, and the imposition by the district court of the presumptive prison sentence in his felony case, Lawson is unable to overcome his heavy burden of showing that the court abused its discretion. Although Lawson argues his mental health should have been a mitigating factor, we remain unconvinced that no reasonable person would have sentenced Lawson to imprisonment rather than probation.

Affirmed.